Ella WADE, Plaintiff,

v.

**LERNER NEW YORK, INC., Defendant.**

No. 98 C 5204.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 14, 1999.

Gerald A. Goldman, Arthur R. Ehrlich, Jonathan C. Goldman, Goldman & Ehrlich, Chicago, IL, for Ella Wade.

Sally J. McDonald, Piper, Marbury, Rudnick & Wolfe, Chicago, IL, Julia A. Davis, Christopher J. Yost, Vorys, Sater, Seymour & Pease, Columbus, OH, Tracy Lee Bradford, McCarthy & Bradford, P.C., Chicago, IL, for Lerner New York, Inc.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff Ella Wade alleges age discrimination and retaliation under the Age Discrimination in Employment Act and under Title VII, 42 U.S.C. § 2000e–1 *et seq.* The defendant moves for summary judgment. For the following reasons, the motion is granted in favor of the defendant.

### I. *Background*

Plaintiff Ella Wade ("Ms. Wade") was an employee of defendant Lerner New York, Inc. ("Lerner") for approximately nineteen years until being terminated on April 27, 1997 at the age of 52. From October 1996 to April of 1997, Ms. Wade alleges that her employer subjected her to discrimination based on her age and because she filed a discrimination complaint.

Ms. Wade alleges that she frequently requested a promotion to the position of Co–Manager or Assistant Manager, including three times during the fourth quarter of 1996. Instead, four younger employees were promoted. Ms. Wade further alleges that she requested but was denied the training defendant claims was necessary to receive a promotion.

On November 21, 1996, Ms. Wade claims she arrived for work at Lerner on time and was granted permission by her supervisor to take a brief break to settle her stomach. Nonetheless, her supervisor reported to the store manager that Ms. Wade had falsified her time sheet. Ms. Wade denied this but was disciplined via a written warning. On December 5, 1996, Ms. Wade filed an age discrimination complaint with the Illinois Human Rights Commission which included claims of discriminatory discipline and failure to promote.

Ms. Wade claims that in response to her complaint of discrimination, Lerner retaliated by reducing her hours. Ms. Wade then filed an additional complaint with the Illinois Human Rights Commission for retaliation on April 23, 1997. Ms. Wade was fired on April 27, 1997 for insubordination, complaining and being discourteous to customers, and for grabbing her supervisor by the wrist. The events which occurred on April 26, 1997 are vigorously disputed by the parties. Although several witnesses, including customers, wrote statements corroborating at least one of these reasons, Ms. Wade claims the events were fabricated and denies them all. Ms. Wade claims that she simply reminded her supervisors of her medical condition and requested a minor accommodation; she denies raising her voice, being discourteous to anyone, or touching Ms. Stovall, and claims that the customers who complained were induced to make up their statements because they were friends of her supervisor based on conversations she overheard between them.

Both the discrimination and retaliation complaint were cross filed with the Equal Employment Opportunity Commission ("EEOC"), which issued a right-to-sue letter on June 25, 1998 on both charges. Defendant moves for summary judgment on all claims.

## II. *Standard of Review*

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Lexington Ins. Co. v. Rugg & Knopp*, 165 F.3d 1087, 1090 (7th Cir. 1999). When considering a motion for summary judgment, the court may review the entire record, drawing all reasonable inferences from the record in the light most favorable to the non-moving party. *Cornfield by Lewis v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1320 (7th Cir.1993). The party opposing the motion, however, must make a showing sufficient to establish any essential element for which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## III. *ADEA Discrimination Claims*

Under the ADEA, employers are prohibited from discriminating on the basis of age against employees who are at least forty years old. *See* 29 U.S.C. §§ 623(a), 631(a). The plaintiff may prove her case using direct evidence or via the indirect burden-shifting method of *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Fuka v. Thomson Consumer Elecs.*, 82 F.3d 1397 (7th Cir.1996). "Under either method, summary judgment is improper if the plaintiff offers evidence from which an inference of age discrimination may be drawn." *Fuka*, 82 F.3d at 1402–03. Ms. Wade has not come forward with direct evidence, so she proceeds under *McDonnell Douglas*.

### A.

■ To support her discriminatory discipline claim, Ms. Wade first has the burden of establishing a prima facie case of age discrimination by showing she was: (1) in the protected age group of 40 or older; (2) performing her job satisfactorily; (3) subjected to a materially adverse employment action; and (4) treated less favorably than younger employees. *Taylor v. Canteen Corp.*, 69 F.3d 773, 779 (7th Cir.1995). Lerner does not dispute that Ms. Wade meets the first three criteria but denies that Ms. Wade was treated less favorably than younger employees for violating the time-card policy. In fact, Lerner offers evidence that it fired a 22–year old employee for falsifying his time records. However, Ms. Wade argues that the disparate treatment arises because younger employees are not *falsely* accused of being late and falsifying timecards; whether Lerner disciplines younger employees who actually falsify their timecards is thus irrelevant. Ms. Wade contends that she, of course, cannot provide evidence of such inaction by Lerner.

■ For purposes of this motion, I accept that on November 21, 1996, Ms. Wade arrived at work on time but took a brief break after being granted permission by her supervisor; arguably, this is not an infraction of Lerner's rules. Nonetheless, Ms. Wade's supervisor, Ms. Stovall, informed the store manager, Ms. Shines–Wilson, that Ms. Wade falsified her time card and did not request permission for a short break. Ms. Shines–Wilson then issued a special performance review ("SPR"), essentially a written reprimand. Ms. Wade admits that Stovall did not see her at the store until 8:19, apparently because she was in the stock room rather than on the sales floor. This seems to be a reasonable explanation, but could also give Ms. Stovall cause to believe that Ms. Wade had just arrived and was indeed late to work. Even if Stovall lied about allowing Ms. Wade to take a break when she felt ill, it is not unreasonable for the store manag-

er to believe a supervisor instead of an employee and discipline that employee accordingly. Even if this reliance was wrong, there is no evidence that it was discriminatory or dishonest. An employer's honest belief in an erroneous decision cannot support a claim of discrimination. *Kariotis v. Navistar Int'l Transp. Corp.*, 131 F.3d 672, 676 (7th Cir.1997). Accordingly, her discriminatory discipline claim must fail.

### B.

Ms. Wade also alleges that she was denied a promotion due to her age. To meet her prima facie case, Ms. Wade must establish that: (1) she was a member of the protected class; (2) she applied and was qualified for the position sought; (3) she was rejected for the position; and (4) someone younger than she was given the position. *Sample v. Aldi, Inc.*, 61 F.3d 544, 548 (7th Cir.1995).

Ms. Wade is over forty so within the ambit of the ADEA's protection, and, although Lerner contends that Ms. Wade never "applied" for a manager position, I must accept her sworn testimony that she did so—in which case, she was rejected since she was never made a manager. In addition, four employees significantly younger than she were promoted to managerial positions. Lerner argues that Ms. Wade does not meet her prima facie case because she was not qualified to become a manager. However, a candidate need only be minimally qualified, not possess superior qualifications; furthermore, Lerner admits that it does not employ a definitive list of required qualifications for promotion decisions. The Seventh Circuit eschews a mechanical application of the burden shifting approach, so I proceed to consider Ms. Wade's qualifications in the context of whether she meets her burden of showing pretext. *Fuka*, 82 F.3d at 1404.

Lerner argues that Ms. Wade was not promoted for the following legitimate, nondiscriminatory reasons: (1) she was disciplined for falsifying her time records, (2) others were more qualified than she, specifically in operating a cash register or demonstrating aptitude to operate a cash register; and (3) she had a record of attendance problems. With respect to Ms. Wade's SRM for falsifying time, Ms. Wade alleges she first requested a promotion in October; because the timecard incident did not occur until late November, it cannot be considered as a factor against her promotion prior to that time. Lerner also claims that Ms. Wade lacked the ability or aptitude to operate a cash register, a supposed prerequisite for a managerial position. Ms. Wade contends that she specifically requested but was denied the opportunity to receive any substantial training using the new cash registers. Her only exposure was a few minutes during which she did not have the opportunity to learn or demonstrate her aptitude. Lerner's promotion policy is admittedly subjective and left to the discretion of the employee's immediate supervisors, as is the decision as to which employees to train in new skills. Lerner controlled the means by which its employees could "qualify" for managerial positions, and a fact finder could therefore reasonably believe that Ms. Wade was purposefully denied the opportunity to learn the new cash register system because of an impermissible bias or attitude about older workers, e.g. that they lack the skills to learn new technologies.

■ Lerner's final reason for the failure to promote Ms. Wade due to attendance problems is more persuasive. Ms. Wade admits that she has been written up for tardiness on three occasions, and since she fails to show that those promoted also had attendance issues, she cannot refute this legitimate, nondiscriminatory reason. In fact, Lerner claims that none of those promoted during the time period in question had any disciplinary issues, and the plaintiff—despite full discovery—offers no evidence to the contrary. Lerner has a large number of employees and potential managerial candidates. I cannot sit as a "su-

perpersonnel department" and dictate that Lerner may not favor employees with a clean attendance record over those with a record of tardiness for promotion opportunities. *Jackson v. E.J. Brach Corporation*, 176 F.3d 971 (7th Cir.1999). Ms. Wade has failed to meet her burden with respect to her claims of discriminatory discipline and failure to promote.

## IV. *Retaliation*

■ Under the ADEA, it is unlawful for an employer to discharge or otherwise discriminate against an employee because that employee has brought a charge under the ADEA. See 29 U.S.C. § 623(d). Retaliation cases are analyzed under the *McDonnell Douglas* framework. *See Alexander v. Gerhardt Enter., Inc.*, 40 F.3d 187, 195 (7th Cir.1994). To demonstrate a prima facie case of retaliation, Ms. Allen must establish: (1) that she engaged in statutorily protected activity; (2) that she suffered an adverse action; and (3) a causal link between the protected activity and the adverse action. *McClendon v. Indiana Sugars, Inc.*, 108 F.3d 789, 796 (7th Cir.1997). If Lerner articulates a legitimate, nondiscriminatory reason for Ms. Wade's dismissal, the burden shifts back to Ms. Wade to show that Lerner's proffered reasons are pretextual and its actual reason discriminatory or retaliatory. *Id.* at 797.

Ms. Wade alleges Lerner reduced her hours, then concocted grounds to terminate her in retaliation for filing a discrimination claim. Ms. Wade has met the first two factors of her prima facie case because she engaged in a protected activity, the filing of a discrimination complaint, and suffered adverse employment consequences after she filed the complaint. Ms. Wade claims that her supervisor, Ms. Stovall—who was involved in the incidents leading to her discharge—made frequent references to her discrimination claim and told her on several occasions between December of 1996 and April of 1997 that Lerner wanted to terminate her because of

it but did not yet have a reason to do so. Ms. Wade filed her original complaint with the Illinois Human Rights Commission on December 5, 1996, and alleges her hours decreased shortly thereafter. Ms. Wade filed her second complaint on April 23, 1997, and the events which the defendant claims caused her termination occurred on April 26, 1997. Ms. Wade thus argues that the causal link is established by Ms. Stovall's statements about her discrimination claim and the close temporal proximity between her complaint and the adverse consequences which followed.

■ The time line between Ms. Wade's initial complaint, coupled with the statements of Ms. Stovall, her direct supervisor, are sufficient to establish the necessary causal link to her claim of reduced hours. Lerner, whose employees are not guaranteed a specific number hours, offers a satisfactory explanation why Ms. Wade's hours decreased in the short term: the holiday season rush was over. In addition, Lerner has provided evidence that Ms. Wade's average hours for the period before her complaint was comparable to her hours after the complaint.

■ The causal link to her termination is much more tenuous. Although Ms. Wade filed her second discrimination claim the day before the events which ultimately led to her termination, she offers no evidence that Lerner was actually aware of her retaliation claim, so it cannot form the basis for the causal link. Ms. Wade was fired nearly five months after she filed her first EEOC complaint, *see Hughes v. Derwinski*, 967 F.2d 1168 (7th Cir.1992) (four month gap between filing of complaint and disciplinary letter not sufficiently related to show retaliation); *Davidson v. Midelfort Clinic, Ltd.*, 133 F.3d 499, 511 (7th Cir.1998) (five months between EEOC charge and subsequent discharge too remote to show a causal link). Ms. Wade is therefore left with the statements of Ms. Stovall, who she claims informed her of the unnamed conspiracy against her; however, the decision to fire Ms. Wade was not

made by Ms. Stovall or any of the individuals claimed to harbor retaliatory motives. *See Fortino v. Quasar Co.,* 950 F.2d 389, 395 (7th Cir.1991)(statement by supervisor outside decisionmaking chain irrelevant to proving discrimination). Although Ms. Wade argues otherwise, it is clear from the record that Ms. Ruggiero, Lerner's Human Resource Manager in New York, made the final decision to terminate Ms. Wade after a full investigation. It is true that Ms. Stovall's statements were among the information upon which Ms. Ruggiero relied, but she was not the sole source or final word on the matter. Any of the nine accounts would be a sufficient basis for Ms. Wade's termination. Ms. Wade does not allege that all involved were acting in retaliation, nor does her speculation about her other supervisors' motives amount to evidence sufficient to have tainted the decision-making process. Claims that these supervisors disliked her are unaccompanied by an illegal reason for that dislike, i.e. because she was "old" or filed discrimination charges. Ms. Wade is therefore unable to tie Ms. Stovall's statements to the ultimate decision-maker, Ms. Ruggiero. In any event, Lerner offers a compelling, nondiscriminatory reason for Ms. Wade's termination: Ms. Ruggiero's honest belief, based on the consistent, eyewitness accounts of five employees and four customers, that Ms. Wade was rude to customers and verbally and physically abusive to Lerner management. Despite shifting burdens of production in discrimination cases, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Saint Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 507, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (citation omitted). Ms. Wade has failed to meet this burden with respect to either of her claims of retaliation.

Summary judgment is GRANTED on all counts in favor of the defendant.