In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1115

ELLA WADE,

Plaintiff-Appellant,

v.

LERNER NEW YORK, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 5204--Elaine E. Bucklo, Judge.

Argued October 27, 2000--Decided March 5, 2001

Before Easterbrook, Kanne, and Rovner, Circuit
Judges.

Kanne, Circuit Judge.  Ella Wade, a former sales
associate at Lerner New York, Inc., accuses
Lerner of discriminating against her in violation
of the Age Discrimination in Employment Act
("ADEA"), 29 U.S.C. sec. 623(a). Wade appeals the
district court's granting of Lerner's motion for
summary judgment on her claims alleging that
Lerner improperly disciplined her and failed to
promote her to the position of assistant manager
because of her age. Because we agree with the
district court's conclusion that Wade has failed
to meet her burden with respect to both of these
claims, we affirm that court's decision.

I.  History

Wade worked as a sales associate at Lerner, a
women's clothing store, for over nineteen years
until she was terminated on April 27, 1997 at the
age of fifty-two. Wade alleges that she had
repeatedly requested and been denied both a
promotion to assistant manager and the training
that Lerner states is necessary to receive such
a promotion. Lerner disputes these assertions,
claiming that Wade never inquired about receiving
such a promotion or training.

On November 21, 1996, Wade was scheduled to
work at 8:00 a.m. Wade contends that she arrived

for work on time, signed in on her time sheet at 8:00 a.m., and then, because she was feeling ill, requested and was granted permission by her supervisor, Monique Stovall, to take a short break to eat the breakfast she had brought with her. Stovall claims that Wade failed to show up on the sales floor until 8:19 a.m. Stovall later noticed that Wade had signed in on her time sheet at 8:00 a.m., despite not having actually started work until after she finished her breakfast at around 8:25 a.m. Stovall reported this occurrence to the store manager, Darlene Shines-Wilson, and they concluded that Wade had falsified her time sheet. Despite Wade's insistence that she arrived to work on time, Shines-Wilson directed Stovall to write up a Special Performance Review ("SPR") reprimanding Wade for arriving to work late and falsifying her time sheet. Wade believed that the allegations in the SPR were false so she refused to sign it. Although Stovall stated in the SPR that Wade's actions were grounds for termination, no other action was taken against Wade for this incident.

Wade filed an age discrimination claim with the Illinois Human Rights Commission on December 5, 1996, alleging that she was paid less than younger sales associates for the same work, not considered for a promotion to assistant manager, and written up for tardiness even though she had arrived to work on time, all because of her age. Wade filed a second complaint with the Illinois Human Rights Commission on April 23, 1997, claiming that Lerner was retaliating against her for filing her original claim with the commission.

Wade was involved in an incident at work on April 26, 1997 that led to her termination the very next day for violent and disruptive behavior. While Wade disputed the accusations surrounding her termination in the district court, she does not challenge them here.

Wade filed suit against Lerner on August 21, 1998 in the United States District Court for the Northern District of Illinois. She alleged that Lerner discriminated against her in violation of the ADEA by improperly disciplining her and failing to promote her because of her age. See 29 U.S.C. sec. 623(a). Wade also claimed that Lerner decreased her work hours and eventually terminated her in retaliation for filing a complaint with the Illinois Human Rights Commission, thereby violating the ADEA, sec. 623(d), and Title VII, 42 U.S.C. sec. 2000e-3(a). Lerner filed a motion for summary judgment on all of Wade's claims. On December 14, 1999, Judge Bucklo granted Lerner's motion for summary judgment finding that Wade had failed to meet her

burden with respect to each of her claims. See Wade v. Lerner New York, Inc., 81 F. Supp. 2d 882, 887 (N.D. Ill. 1999). Wade filed this appeal contesting the district court's decision with regard to her ADEA claims that Lerner disciplined her in a discriminatory manner and failed to promote her because of her age.

## II.  Analysis
## A.  Standard of Review

We review the district court's decision to grant Lerner's motion for summary judgment de novo. See Paluck v. Gooding Rubber Co., 221 F.3d 1003, 1009 (7th Cir. 2000). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A genuine issue of material fact exists "only if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Baron v. City of Highland Park, 195 F.3d 333, 338 (7th Cir. 1999) (citing Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). In making this determination, we review the record in the light most favorable to Wade, drawing all reasonable inferences in her favor. See Myers v. Hasara, 226 F.3d 821, 825 (7th Cir. 2000) (citing Anderson, 477 U.S. at 255).

## B.  Wade's Claims of Discrimination Under the ADEA

The purpose of the ADEA is "to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; to help employers and workers find ways of meeting problems arising from the impact of age on employment." 29 U.S.C. sec. 621(b). Effectuating this purpose, the ADEA prohibits employers from discriminating against employees who are at least forty years old based on their age. 29 U.S.C. sec.sec. 623(a), 631(a). "A plaintiff seeking relief under the ADEA must establish that he would not have been treated adversely by his employer 'but for' the employer's motive to discriminate against him because of his age." Baron, 195 F.3d at 338. An employer's age discrimination may be proven by a showing of direct evidence of the employer's motive to discriminate or through circumstantial evidence and the indirect burden-shifting framework set out in McDonnell Douglas Corp. v. Green, 411 U.S.

792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). See Baron, 195 F.3d at 338. Under the burden-shifting framework a plaintiff must first establish, by a preponderance of the evidence, a prima facie case of discrimination. See id. at 339. If a plaintiff is able to meet this initial burden, then the burden shifts to the defendant to provide "evidence of a legitimate and non-discriminatory reason for the employment decision." Robin v. Espo Eng'g Corp., 200 F.3d 1081, 1088 (7th Cir. 2000). If the defendant provides such a reason, then the plaintiff must prove, by a preponderance of the evidence, that the defendant's stated reason for the employment decision is merely a pretext for discrimination. See Jackson v. E.J. Brach Corp., 176 F.3d 971, 983 (7th Cir. 1999).

In this case, Wade has presented no direct evidence of age discrimination on the part of Lerner in support of her claims that Lerner violated the ADEA. Wade must therefore use the McDonnell Douglas burden-shifting method to prove that Lerner discriminated against her because of her age.

1. Wade's Discriminatory Discipline Claim

Wade's first claim on appeal asserts that the district court erred by granting summary judgment for Lerner on Wade's discriminatory discipline claim. Wade argues that summary judgment should not have been granted on this claim because a genuine issue of fact exists as to whether Wade was disciplined because she arrived late to work and falsified her timecard or because of her age. To establish a prima facie case for her discriminatory discipline claim, Wade must show that: (1) she was a member of the protected class of persons forty or older; (2) she was performing her job satisfactorily; (3) she suffered an adverse employment action; and (4) substantially younger, similarly-situated employees were treated more favorably. See Debs v. Northeastern Ill. Univ., 153 F.3d 390, 395 (7th Cir. 1998).

Lerner acknowledges that Wade has met the first three criteria of her prima facie case: she is over forty years of age, she was performing her job satisfactorily, and she was subjected to an adverse employment action. Lerner contends, however, that Wade cannot establish a prima facie case of discriminatory discipline because she cannot show that younger, similarly situated employees were treated more favorably. According to Lerner, if anything, Wade was treated more favorably than younger, similarly situated employees, such as sales associate Lorenzo Holmes, age twenty-two, who was terminated by Lerner for falsifying his time sheets. Wade

maintains that she was treated less favorably than younger sales associates because they were not falsely accused of being late for work or of falsifying their time sheets. Because we must review the record in the light most favorable to Wade, we accept her version of the events of November 21, 1996.

Even if we find that Wade has made out a prima facie case for her claim of discriminatory discipline, however, she still cannot prevail. Once Wade has satisfied her prima facie case, the burden shifts to Lerner to provide a legitimate, non-discriminatory reason for disciplining Wade. Lerner's stated reason for disciplining Wade is that its store manager, Shines-Wilson, believed Wade's supervisor, Stovall, when Stovall told her that Wade had arrived late to work and falsified her time sheet. Given this legitimate, non-discriminatory explanation of why the SPR was issued, Lerner has satisfied its burden, and Wade must now show that Lerner's stated reason was merely a pretext for age discrimination. Wade has failed to meet this burden.

A plaintiff can establish pretext "directly with evidence that [an] employer was more likely than not motivated by a discriminatory reason, or indirectly by evidence that the employer's explanation is not credible." Jackson v. E.J. Brach Corp., 176 F.3d 971, 983 (7th Cir. 1999) (citations omitted). As Wade has presented no direct evidence in this case, she must prove pretext with indirect evidence. Using indirect evidence, Wade may establish that Lerner's stated reason for disciplining her is merely a pretext for discrimination by showing that Lerner's reason is: (1) factually baseless; (2) not the actual motivation for the discipline; or that it is (3) insufficient to motivate the discipline. See id. Wade's sole argument, that Stovall's accusations against her were fabricated, fails to establish the presence of any pretext in this case. In describing a plaintiff's burden in this context we have explained that "the issue of pretext does not address the correctness or desirability of reasons offered for employment decisions. Rather, it addresses the issue of whether the employer honestly believes in the reasons it offers." McCoy v. WGN Cont'l Broad. Co., 957 F.2d 368, 373 (7th Cir. 1992). Thus, if Lerner "honestly believed in the nondiscriminatory reason[ ] it offered," it is irrelevant whether Lerner disciplined Wade for an infraction she did not actually commit. Hartley v. Wis. Bell, Inc., 124 F.3d 887, 890 (7th Cir. 1997); see also Pitasi v. Gartner Group, Inc., 184 F.3d 709, 718 (7th Cir. 1999) ("[I]t is not sufficient for the employee to show that his employer fired him for incorrect or poorly

considered reasons. He must establish that the employer did not honestly believe the reasons it gave for terminating him."). Shines-Wilson, the store manager, made the decision to discipline Wade because she believed that Wade arrived to work late and falsified her time sheet. Therefore, Wade must be able to show that when Shines-Wilson directed Stovall to write up an SPR reprimanding Wade, Shines-Wilson did not honestly believe that Wade had shown up late to work or falsified her time sheet. The record is void of any evidence indicating that Shines-Wilson did not honestly believe Stovall's presentation of the facts when she made her decision to discipline Wade. Thus, Wade's discriminatory discipline claim cannot be sustained.

2. Wade's Discriminatory Denial of a Promotion Claim

Wade also appeals the district court's decision granting Lerner's motion for summary judgment on the claim that Lerner discriminated against Wade by refusing to promote her to assistant manager because of her age. On appeal, Wade argues that the district court's decision was erroneous because Lerner discriminated against her when it failed to even consider her for a promotion and refused to give her the training she needed to become eligible for a promotion. For Wade to make out a prima facie case for the discriminatory denial of a promotion under the ADEA she must show that: (1) she was a member of the protected class of persons forty or older; (2) she applied and was qualified to be an assistant manager; (3) she was not promoted; and (4) similarly situated younger employees were treated more favorably. See Rabinovitz v. Pena, 89 F.3d 482, 486 (7th Cir. 1996).

Wade clearly satisfies the first and fourth requirements of the prima facie case as she is over the required age of forty years old and several sales associates significantly younger than Wade were promoted to assistant manager. Whether Wade satisfies the second criteria is a closer call. Construing the facts in the light most favorable to Wade, as we are required to do, we accept her statement that she applied for the position of assistant manager. As to whether Wade was qualified for this promotion, Lerner argues that Wade was not qualified for such a promotion because she had neither received the proper training to assume such a position nor displayed the aptitude to learn such training. Wade claims that she repeatedly asked for and was denied this instruction as well as an opportunity to demonstrate the aptitude to learn such training. With regard to this training, a former manager at the Lerner Store where Wade worked testified in

her deposition that none of Lerner's sales associates were qualified for an assistant manager position unless they were allowed to receive the training that Lerner offered. As Lerner decided which sales associates received this training, "Lerner controlled the means by which its employees could 'qualify' for managerial positions." Wade v. Lerner New York, Inc., 81 F. Supp. 2d 882, 885 (N.D. Ill. 1999). Because Wade claims that she asked for and was denied both the required training and the opportunity to display her ability to learn such training, we will accept for now that Wade was at least qualified to receive the training that would qualify her for a promotion to assistant manager.

Once we have found that Wade applied for a promotion to assistant manager, she has satisfied the third requirement of the prima facie case because she never did attain that position. Thus, Wade has established a prima facie case for her claim that she was denied a promotion because of her age, and the burden shifts to Lerner to provide a legitimate, non-discriminatory reason for not promoting Wade to assistant manager.

Lerner offers three reasons why Wade did not receive a promotion to assistant manager. Lerner contends that it never considered Wade for such a promotion because: (1) she had falsified her time records; (2) she had a record of attendance problems; and (3) those sales associates who were promoted to the assistant manager position in November 1996 had no disciplinary record and were otherwise more qualified than Wade. Lerner's production of these reasons satisfies its burden to provide legitimate, non-discriminatory reasons for not promoting Wade, and therefore, we now consider whether Wade can prove that Lerner's stated reasons are merely a pretext for age discrimination. See Baron v. City of Highland Park, 195 F.3d 333, 341 (7th Cir. 1999). Wade can establish that Lerner's legitimate, non-discriminatory reasons for failing to promote her are pretext by showing that Lerner's stated reasons are: (1) factually baseless; (2) not the true motivation for failing to promote her; or (3) not a sufficient basis upon which to decide not to promote Wade. See id.

Wade argues that Lerner's first stated reason for failing to promote her is nothing more than pretext because she applied for and was denied a promotion before she was disciplined for allegedly falsifying her timecard. Based on Wade's statement regarding the timing of when she sought a promotion, we will set aside Lerner's claim that Wade was never considered for a promotion because she had falsified her time

sheet. We will also set aside Lerner's assertion that those individuals who received the promotions did not have disciplinary records and were otherwise more qualified than Wade. We have already held that Wade applied for a promotion before she was disciplined in November. Furthermore, Lerner's definition of "more qualified" consists of those individuals whom Lerner provided with the training needed to become qualified for the assistant manager position. Thus, a reasonable juror could find that Lerner purposefully refused to provide training to Wade because of her age. Wade fails, however, to provide any evidence to support the inference that Lerner's assertion that it did not consider Wade for a promotion due to her attendance problems is merely a pretext for discrimination.

Wade acknowledges that she was written up for tardiness on three occasions. Furthermore, she provides no evidence to counter Lerner's statement that none of the four individuals promoted to managerial positions in November 1996 had an attendance problem similar to Wade. Wade's only response to Lerner's legitimate, non-discriminatory reason for not promoting her is that Lerner's decision-making process did not sufficiently account for Wade's many years of experience. This response is inadequate, however, as Wade "has to do more than show that by [her] own standards [she] should have been treated better." Kuhn v. Ball State Univ., 78 F.3d 330, 331-32 (7th Cir. 1996). Essentially, Wade asks this Court to determine that Lerner should have made promotion decisions in a manner which would have enabled her to become an assistant manager. We have repeatedly held, however, that we will not sit as a "'superpersonnel department'" debating the merits of legitimate, non-discriminatory criteria a business chooses to employ in determining which of its employees will receive promotions. Debs v. Northeastern Ill. Univ., 153 F.3d 390, 396 (7th Cir. 1998) (quoting Dale v. Chicago Tribune Co., 797 F.2d 458, 464 (7th Cir. 1986)). Once we have determined that an employer has given a legitimate, non-discriminatory reason for not promoting someone, and that reason is not a pretext for discrimination, our analysis is concluded. Thus, because Wade is unable to provide any evidence that Lerner's legitimate, non-discriminatory reason for not promoting her is merely a pretext for discrimination, she has failed to meet her burden under the McDonnell Douglas framework to show that she was a victim of age discrimination.

III.  Conclusion

We agree with the district court's conclusion

that Wade has failed to meet her burden with respect to each of her claims, and therefore, we AFFIRM the decision of the district court granting Lerner's motion for summary judgment.