In the

# United States Court of Appeals
### For the Seventh Circuit

---

No. 01-2853

LUCIANO FRANZONI,

*Plaintiff-Appellant,*

*v.*

HARTMARX CORPORATION, a Delaware corporation,
M. WILE & CO., INC., a New York corporation, and
HART SCHAFFNER & MARX, a New York corporation,

*Defendants-Appellees.*

---

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 4898—**Harry D. Leinenweber**, *Judge.*

---

ARGUED JANUARY 25, 2002—DECIDED AUGUST 8, 2002

---

Before MANION, KANNE, and WILLIAMS, *Circuit Judges.*

KANNE, *Circuit Judge.* Plaintiff Luciano Franzoni brought suit against defendant Hartmarx Corporation and its wholly-owned subsidiaries M. Wile & Co. Inc. and Hart Schaffner & Marx ("HSM") for retaliatory discharge, retaliatory transfer, and age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* The district court granted judgment in favor of defendants, and we affirm.

**I. History**

The following facts are undisputed unless otherwise noted: Franzoni is a fashion designer who began working for HSM on November 18, 1968, conducting seminars, meetings, and trunk shows at which he would discuss HSM clothing. In late 1988, Hartmarx created a new clothing line using Franzoni's name, called Confezioni Riserva Luciano Franzoni (the "Franzoni" line). Hartmarx then transferred Franzoni from HSM to M. Wile & Co. Inc., d/b/a International Brand Apparel ("IBA"). The idea behind the Franzoni line was to create a style of clothing with an Italian name and personality. While at IBA, Franzoni's principal responsibilities consisted of the same type of work he had done at HSM, essentially promotion, although Franzoni also advised the Franzoni line designers regarding style, fabric, and color.

In September 1997, Franzoni requested a meeting with Homi Patel, the president and Chief Operating Officer of Hartmarx, in order to present Patel with a memorandum requesting additional compensation. During that meeting, Patel noted that Franzoni was seventy-one years of age and told Franzoni that he looked to be in his early sixties. Franzoni thanked Patel for the compliment, and Patel then explained to Franzoni that IBA was discontinuing the Franzoni line. Therefore, because Franzoni's only job at IBA was to promote and assist with the Franzoni line, there would no longer be a job for Franzoni once the line was discontinued. According to Franzoni, Patel stated that Franzoni would have to retire from IBA and suggested his thirtieth anniversary with the company—November 18, 1998—as an appropriate retirement date. Defendants concede that Patel and Franzoni discussed Franzoni's retirement, but contend that Patel and Franzoni mutually agreed on the retirement date. Both parties agree that Patel instructed Franzoni to negotiate his retirement package with Joseph Conti, an IBA executive.

Subsequent to the September 1997 meeting, Conti and Franzoni attempted to negotiate Franzoni's retirement package, while Franzoni continued to promote the Franzoni line. On April 27, 1998, Conti sent Franzoni a finalized version of the retirement package, which Franzoni refused to sign. In early June 1998, Franzoni told Conti that he had decided not to retire and that he had filed a charge of age discrimination with the EEOC, alleging that he was being forced to retire. On July 1, 1998, IBA again informed Franzoni that it planned to eliminate the Franzoni line and with it Franzoni's promotional position. Patel then requested that Kenneth Hoffman, the HSM Chairman and Chief Executive Officer, find Franzoni a position at HSM, and Hoffman offered Franzoni a quality control position in HSM's factory in Des Plaines, Illinois (the "Des Plaines position"), which Franzoni accepted. Franzoni contends that the Des Plaines position was a demotion in retaliation for filing his complaint with the EEOC. While the parties dispute the working conditions at Franzoni's job at the Des Plaines facility, it is undisputed that the Des Plaines position required Franzoni to stand on his feet to work and that Franzoni's pay and benefits were identical to those he had received at IBA while promoting the Franzoni line.

On August 21, 1998, Franzoni left the Des Plaines facility before the end of his workday and went to the hospital, claiming that his feet hurt. That was his last day of work. On August 24, 1998, Franzoni's attorney sent HSM a letter from Franzoni's doctor stating that Franzoni could work in any capacity that did not require him to stand for extended periods. Franzoni's attorney then requested that HSM accommodate his needs and return him to work. On August 28, 1998, HSM placed Franzoni on medical leave under the Family and Medical Leave Act ("FMLA"), although Franzoni claims that HSM put him on FMLA leave involuntarily. On September 4, 1998 and October 10, 1998, Franzoni wrote to his supervisor indicating that the pain was still present, and on September

15, 1998, Franzoni filed a workers' compensation claim alleging that he had incurred "permanent" damage to his feet.[1] HSM's workers' compensation carrier conducted a routine investigation of Franzoni's physical condition, and at the conclusion of its investigation, the carrier sent to HSM a videotape made by its investigators. According to defendants, the videotape showed Franzoni taking a long walk and a shorter walk without any apparent pain or discomfort. Ronnie Robinson, HSM's senior vice president of human resources and administration, reviewed the videotape and concluded that Franzoni had lied in his letters that stated that he was unable to work. Subsequently, Robinson sent Franzoni a letter stating that Franzoni was terminated because he had made "false and misleading statements" about his medical condition.

Franzoni then filed a complaint in the Northern District of Illinois, alleging age discrimination and retaliation with respect to (1) his termination from the Des Plaines facility, (2) his "transfer" to the Des Plaines facility, and (3) the elimination of his position at IBA ("job elimination claim"). Defendants subsequently moved for summary judgment on all claims, which was granted by the district court as to Franzoni's termination and transfer claims but denied as to Franzoni's job elimination claim. The district court later granted defendants' motion to dismiss the elimination claim as moot under Rule 12(b)(1) of the Federal Rules of Civil Procedure and entered judgment in favor of defendants on all claims.

## II.  Analysis

We review the district court's grant of summary judgment *de novo,* viewing all of the facts and drawing all

---

[1]  During the time he was on medical leave, HSM continued to pay Franzoni his full salary.

reasonable inferences therefrom in favor of the nonmoving party, Franzoni. *See Cent. States, Southeast and Southwest Areas Pension Fund v. White*, 258 F.3d 636, 639 (7th Cir. 2001). We review the district court's decision to dismiss the claim as moot under Rule 12(b)(1) of the Federal Rules of Civil Procedure *de novo*, and we "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). As discussed below, our conclusion that defendants lawfully terminated Franzoni from the Des Plaines facility renders his remaining claims moot because the ADEA provides no remedies to a plaintiff in Franzoni's unique situation. Therefore, we first turn to his termination from the Des Plaines facility.

## A. Des Plaines Position

### a. Age Discrimination

Franzoni contends that he was terminated from the Des Plaines position in violation of the ADEA. A plaintiff in an employment discrimination action may prove discrimination either through direct evidence or through indirect evidence, using the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), burden-shifting approach. *See Randle v. LaSalle Telecomms., Inc.*, 876 F.2d 563, 567-69 (7th Cir. 1989). We first reject Franzoni's argument that Patel's alleged statements during the September 1997 meeting—eighteen months before his eventual termination—constitute direct evidence of discrimination. Franzoni acknowledges that Robinson, not Patel, terminated his position but contends that "[i]t is inconceivable that Patel would not have been involved in Franzoni's termination." Franzoni's speculation aside, he has failed to offer any evidence on this issue, and thus, his "direct" evidence claim must be rejected. *See Hall v. Bodine Elec. Co.*, 276 F.3d 345, 354 (7th Cir. 2002) ("It is well

settled that conclusory allegations . . . without support in the record, do not create a triable issue of fact.").

Because Franzoni has no direct evidence of discrimination, we must apply the *McDonnell Douglas* burden-shifting method of proof. Under this method, the employee must first present a *prima facie* case of age discrimination. *See Pitasi v. Gartner Group, Inc.*, 184 F.3d 709, 716 (7th Cir. 1999). To set forth a *prima facie* case of age discrimination, an employee must show that: (1) he was over forty years of age; (2) he was meeting his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly situated, substantially younger employees were treated more favorably. *See Wade v. Lerner New York, Inc.*, 243 F.3d 319, 322 (7th Cir. 2001). If Franzoni succeeds in establishing a *prima facie* case, a presumption of discrimination arises and the burden shifts to the defendants to offer a legitimate, non-discriminatory reason for the adverse action. *See Ptiasi*, 184 F.3d at 716. If the defendants fulfill this requirement, the burden shifts back to Franzoni to demonstrate that the defendants' proffered reason is pretextual. *See id.*

Franzoni has established the first three factors: he was over forty years of age, there were never any complaints made about his performance, and he was terminated from the Des Plaines facility. Franzoni, however, has failed to set forth any evidence of similarly situated people not in his protected class and therefore has failed to establish a *prima facie* case of age discrimination.

Moreover, even if we were to assume that Franzoni had set forth a *prima facie* case, his claim would fail because he has failed to demonstrate pretext. We have previously noted that pretext requires more than a showing that the business decision was "mistaken, ill considered or foolish," and have held that so long as the employer "honestly believed" the reason given for the action, pretext has not

been shown. *Jordan v. Summers*, 205 F.3d 337, 343 (7th Cir. 2000); *see also O'Conner v. DePaul Univ.*, 123 F.3d 665, 671 (7th Cir. 1997) ("On the issue of pretext, our only concern is the honesty of the employer's explanation . . . ."). HSM's stated reason for terminating Franzoni was that Franzoni misrepresented his medical condition. Robinson knew that Franzoni was not showing up for work, and based on the videotape, he concluded that Franzoni was misrepresenting his medical condition. Although Franzoni vigorously disputes the circumstances surrounding his medical leave and that he misrepresented his medical condition, he does not address the relevant question— whether Robinson "honestly believed" that Franzoni was misrepresenting his medical condition. *See Jordan*, 205 F.3d at 343; *see also Roberts v. Separators, Inc.*, 172 F.3d 448, 453 (7th Cir. 1999) ("Where an employer has honestly described the motivation for its decision, that decision is not pretext for discrimination just because the plaintiff asserts the defendant's beliefs were inaccurate."). Franzoni failed to present any evidence that Robinson did not "honestly believe" he was justified in terminating Franzoni for such reasons, and therefore, Franzoni's age discrimination claim fails. *Id.*

### b. *Retaliatory Discharge*

Next, we address Franzoni's claim that he was terminated from his factory position at the Des Plaines facility in retaliation for filing his EEOC complaint. In order to establish a *prima facie* case of retaliatory discharge in violation of the ADEA, Franzoni must show: (1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse action. *See Horwitz v. Bd. of Ed. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 612 (7th Cir. 2001). There is no dispute that Franzoni

engaged in statutorily protected activity when he filed his EEOC complaint, or that he suffered an adverse employment action when he was terminated. *See id.* To establish a causal connection, Franzoni needed to prove that his EEOC charge and the current lawsuit "were not wholly unrelated." *Id.* at 613. We have previously held that it is difficult to infer causation based solely upon the timing of the relevant events. *See id.* "That is to say, we have said that for there to exist a telling temporal sequence, the employer's adverse action should follow fairly soon after the employee's protected expression." *Id.* In *Horwitz*, we held that a six-month gap in time alone could not establish a causal connection. *See id.* In the present case, as in *Horwitz*, Franzoni was terminated from his job at the Des Plaines facility six months after he filed his EEOC charges, and six months is too long to establish a causal link without more. *See id.* As Franzoni does not set forth any additional evidence demonstrating a causal link between the charges and the decision to terminate him, he has failed to establish a *prima facie* case of retaliatory discharge. *See id.* Moreover, as we have already discussed, Franzoni was unable to establish pretext, and thus, his claim fails for this reason as well.

### B. Job Elimination Claim

Franzoni next claims that IBA impermissibly eliminated his promotional position due to his age. Defendants assert that because their termination of Franzoni from the Des Plaines facility was non-discriminatory, *supra* Part II. A., there is no available remedy for Franzoni's job elimination claim and thus his claim is nonactionable and moot.

Under the ADEA, a plaintiff may recover monetary damages in the form of back pay or liquidated damages for willful conduct, *see Comm'r v. Schleier*, 515 U.S. 323, 336, 115 S. Ct. 2159, 132 L. Ed. 2d 294 (1995), and may also, in certain circumstances, obtain equitable relief such as

reinstatement, *see* 29 U.S.C. § 626(b), or front pay, *see Downes v. Volkswagen of Am.*, 41 F.3d 1132, 1141 (7th Cir. 1994). Plaintiffs may not, however, recover money damages for pain and suffering, nor may they obtain punitive damages. *See*, *e.g.*, *Pfeiffer v. Essex Wire Corp.*, 682 F.2d 684, 687-88 (7th Cir. 1982). In the present case, the fact that Franzoni was later permissibly terminated indicates that reinstatement is not an appropriate remedy. *See McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 361-62, 115 S. Ct. 879, 130 L. Ed. 2d 852 (1995) (holding neither reinstatement nor front pay is an available remedy once plaintiff would have been legitimately terminated); *see also O'Neal v. City of New Albany*, 293 F.3d 998, 1004 (7th Cir. 2002). Further, Franzoni may not obtain back pay. Franzoni did not suffer a decrease in salary or benefits due to the elimination of his position at IBA because he continued to receive the same salary and benefits at the Des Plaines facility. Moreover, he received full pay and benefits until the date he was legitimately terminated from the Des Plaines position.

In *Lankford v. City of Hobart*, 73 F.3d 283, 288 (10th Cir. 1996), the court dismissed the plaintiff's sexual discrimination claim as moot when no remedy was available. In *Lankford*, the plaintiff filed a Title VII claim that was governed by the pre-1991 Civil Rights Act, which restricted remedies to the traditional equitable remedies of reinstatement, back pay, front pay, as well as declaratory and injunctive relief. *See id.* The court noted that the plaintiff was still employed with the defendant and thus reinstatement was not appropriate. *See id.* Further, the plaintiff had made no claim for front pay or any type of declaratory or injunctive relief. *See id.* The court also noted that the plaintiff's claim for back pay was not appropriately before the court. *See id.* The court then stated:

> [W]e need not address the merits of plaintiffs' Title VII claims because the lack of an appropriate remedy moots their claims for relief. A claim is mooted when

> the controversy no longer touches the legal relations of parties having adverse legal interest in the outcome of the case. The legal interest must be more than simply the satisfaction of a declaration that the person was wronged. In this case, because no legal remedies are available to plaintiffs a verdict in their favor would do little more than provide them with emotional satisfaction. Such satisfaction is not an appropriate remedy under these circumstances.

*Id.* (citations omitted). In the present case, as in *Lankford*, Franzoni lacks any appropriate remedy, rendering his job elimination claim moot. *See id.*; *see also Burns v. AAF-McQuay, Inc.*, 1997 WL 820958 (W.D. Va. Dec. 23, 1997), *aff'd*, 166 F.3d 292 (4th Cir. 1999) (upholding dismissal of ADEA claim where plaintiff was not entitled to either legal or equitable relief and was not entitled to reinstatement because she had left previous position); *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994) (applying pre-1991 Civil Rights Act law and "conclud[ing] that a legitimate termination of employment moots a plaintiff's § 1983 claim for declaratory and/or injunctive relief"); *Hampton v. IRS*, 913 F.2d 180, 182 (5th Cir. 1990) (dismissing claim as moot where plaintiff terminated for legitimate reasons).

## C. "Transfer" from IBA to the Des Plaines Position

Franzoni's final contention is rather vague,[2] but he focuses on his "transfer" from his position at IBA promot-

---

[2] Franzoni has framed this claim as a retaliatory transfer as well as a constructive discharge, although we are unclear how Franzoni can allege a constructive discharge considering he never resigned. *See*, *e.g.*, *Bragg v. Navistar Int'l Transp. Corp.*, 164 F.3d 373, 377 (7th Cir. 1998) (noting that constructive discharge exists to provide protection to a "plaintiff who decides to quit rather than wait around to be fired").

ing the Franzoni line to the Des Plaines position and claims that the transfer was retaliatory for his filing of an EEOC charge. However, as with his termination claim, this claim is also moot. As discussed, Franzoni would have no right to back pay because he was paid the same at both positions. Moreover, neither reinstatement nor front pay is appropriate because Franzoni was legitimately terminated. *See McKennon*, 513 U.S. at 361-62. First, as discussed above, Franzoni cannot be reinstated to the Des Plaines facility because he was legitimately terminated from that position for falsifying his medical condition. *See id.* Similarly, reinstatement to his former position at IBA is not an available remedy because as Franzoni acknowledges, the IBA position was eliminated several months *before* he was terminated. Thus, reinstatement to the IBA position is not an option because it did not exist at the time Franzoni was legitimately terminated, and therefore, Franzoni has no available remedy, rending this claim moot as well.

### III.  Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*