In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-3966

JAMES L. PARKEY,

*Plaintiff-Appellant,*

*v.*

JASON E. SAMPLE,

*Defendant-Appellee.*

————————

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:07-cv-00267—**William C. Lee**, *Judge.*

————————

ARGUED OCTOBER 1, 2010—DECIDED OCTOBER 27, 2010

————————

Before POSNER, KANNE, and SYKES, *Circuit Judges*.

KANNE, *Circuit Judge.* James Parkey sued Indiana State Trooper Jason Sample under 42 U.S.C. § 1983, claiming Sample had violated Parkey's rights under the Fourth Amendment by searching Parkey's home and seizing Parkey's property without probable cause. The district court granted Sample's motion for summary judgment, finding Parkey had not brought forth any evidence to demonstrate a lack of probable cause. We affirm.

## I. BACKGROUND

Sample had substantial training and experience in the recognition of marijuana, as well as the methods and materials used to cultivate it. He served as the Marijuana Eradication Coordinator for the Lowell District of the Indiana State Police. In March 2005, Sample learned from the Drug Enforcement Agency (DEA) that a James Parkey had received shipments from a company known for selling supplies used for marijuana cultivation. The shipments were delivered to Parkey's home in Hammond, Indiana. After receiving the DEA tip, Sample obtained Parkey's criminal history record.

In viewing Parkey's residence, Sample observed that the basement windows were covered, raising the likelihood that a marijuana grow operation was being concealed. Based on the information he had aggregated and his experience, Sample had suspicion that criminal activity was occurring in Parkey's residence.

As a result, Sample conducted two separate examinations of trash containers ("trash pulls") in the alley behind Parkey's home. The first trash pull occurred on May 10, 2005, and the second on June 6, 2005. Both times he found stems of marijuana plants, remnants of marijuana cigarettes (five in the first pull and twenty in the second), and discarded mail addressed to Parkey at his Hammond residence. The stems field tested positive for marijuana.

Within hours of the June 6, 2005, trash pull, Sample applied for a warrant in state court to search Parkey's home. In support of his application for a warrant, Sample submitted an affidavit outlining the evidence for probable

cause, including the DEA's tip, the results of the trash pulls, and a statement that Parkey had a criminal record in Indiana. On the basis of that information, a Lake County Superior Court magistrate issued a search warrant.

Later that same day, pursuant to the Lake County Superior Court search warrant, Sample and other members of the Indiana State Police conducted a search of Parkey's residence. They seized ten marijuana plants during the search, and criminal drug charges were filed against Parkey in Indiana state court. Subsequently, however, all charges against him were dismissed.

After the criminal charges were dismissed, Parkey sued Sample in federal district court both for violating his Fourth Amendment rights against unreasonable search and seizure by searching his residence without probable cause and for libel. Parkey claims Sample provided false information in his affidavit in support of the search warrant; he also claims any remnant of truthful information included in the affidavit does not support a finding of probable cause. Parkey initially filed *pro se*, but he had obtained counsel by the time Sample moved for summary judgment and is still represented by counsel.

The district court granted summary judgment in favor of Sample on the § 1983 claim, holding Parkey had provided insufficient evidence to create a genuine issue of material fact as to the existence of probable cause to search his home. The court also granted summary judgment in favor of Sample on the libel claim. Parkey appeals only the § 1983 decision.

## II. ANALYSIS

We review a grant of summary judgment *de novo*. *Suarez v. Town of Ogden Dunes, Ind.*, 581 F.3d 591, 595 (7th Cir. 2009). Summary judgment is appropriate when the record shows that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Though we construe all facts and make all reasonable inferences in the non-moving party's favor, *Suarez*, 581 F.3d at 595, the moving party may succeed by showing an absence of evidence to support the non-moving party's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

To succeed on his claim, Parkey must provide evidence to rebut the presumption of validity attached to an affidavit in support of a search warrant. *Suarez*, 581 F.3d at 596-98. Parkey claims Sample misled the magistrate by alleging in his affidavit that the marijuana Sample found in the trash pull was Parkey's, calling Parkey a suspected narcotics dealer, and implying Parkey had an extensive criminal history.

To avoid summary judgment, Parkey must submit evidence indicating Sample "knowingly or intentionally or with a reckless disregard for the truth" made misstatements to the magistrate and show the statements were necessary to the magistrate's probable cause determination. *Molina ex rel. Molina v. Cooper*, 325 F.3d 963, 968 (7th Cir. 2003). Parkey meets neither requirement. Rather than present evidence of the falsity of Sample's statements, Parkey tries to shift the burden of production onto Sample.

Parkey argues he did not need to dispute ownership of the marijuana plant remnants and marijuana cigarettes Sample found in the trash because they were never shown to be Parkey's. But the law is clear: for a successful summary judgment motion, Sample need only show an absence of evidence to support Parkey's claims. *Celotex*, 477 U.S. at 325; *Knight v. Wiseman*, 590 F.3d 458, 463-65 (7th Cir. 2009). The absence of such evidence is apparent. Parkey also notes Sample has not provided documentation to support his affidavit statement that he researched Parkey's criminal history (though Parkey does concede he was arrested in Indiana in 1981). Again, merely pointing to Sample's alleged lack of evidence is insufficient to defeat summary judgment.

Even if Parkey were able to show that Sample deliberately misled the magistrate regarding Parkey's criminal history, Parkey's claim would fail because he has not shown that any misstatement could have affected the magistrate's decision to issue a search warrant. In fact, Parkey does not even argue that any reference to his criminal history was necessary for the issuance of a search warrant. In any event, the criminal history information is not necessary to validate the magistrate's issuance of the search warrant.

Sample's affidavit included information about his training and experience. It also included assertions that he received a tip from the DEA that Parkey had received shipments from a supplier of marijuana cultivation products and assertions that Sample found remnants of marijuana cigarettes and plant stems that field tested positive

for marijuana in Parkey's trash, together with discarded mail addressed to Parkey. Parkey does not contest these assertions, and these assertions alone are sufficient to establish probable cause. *See Molina*, 325 F.3d at 968-71 (holding that informant testimony and items that field tested positive for cocaine were sufficient to establish probable cause, even though other (unreliable) testimony cited in support of the warrant was "totally disregarded").

Because the record shows no issue of material fact regarding the existence of probable cause, we do not consider whether Sample would be entitled to qualified immunity.

### III. CONCLUSION

The summary judgment order granted by the district court is hereby AFFIRMED.