In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 23-1679

TINKA VASSILEVA,

*Plaintiff-Appellant,*

*v.*

CITY OF CHICAGO,

*Defendant-Appellee.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 19-cv-04064 — **Franklin U. Valderrama**, *Judge*.

———————————

ARGUED SEPTEMBER 6, 2024 — DECIDED OCTOBER 1, 2024

———————————

Before RIPPLE, SCUDDER, and ST. EVE, *Circuit Judges*.

ST. EVE, *Circuit Judge*. The City of Chicago's Department of Water Management hired Tinka Vassileva as a Filtration Engineer ("FE") in 2001, when she was thirty-six years old. The City's filtration engineering positions range from FE II (the entry-level position) to FE V. Vassileva started as an FE II, and the City promoted her to FE III on July 1, 2019. This employment suit concerns her unsuccessful applications for a promotion to FE V in April 2018 and FE IV in July 2019.

Vassileva challenges the City's decision not to interview her for a 2018 FE V opening under the Age Discrimination and Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964. She claims that the City declined to interview her because of her age, gender, or Bulgarian origin, or as retaliation against her because she had previously filed charges of discrimination with the Illinois Department of Human Rights ("IDHR") and Equal Employment Opportunity Commission ("EEOC"). For the same reasons and under the same statutes, she also challenges the City's failure to inform her of upcoming FE IV openings before she accepted a promotion to FE III in the summer of 2019. Under the terms of her union's collective bargaining agreement with the City, her promotion rendered her ineligible for July 2019 FE IV openings.

The district court granted summary judgment in favor of the City on all claims. We affirm. Vassileva's discrimination and retaliation claims based on her unsuccessful application for the April 2018 FE V opening fail because she has not supplied evidence that her age, gender, Bulgarian origin, or EEOC charges motivated the City's non-interview decision. Waiver dooms her claims related to the July 2019 FE IV openings: the City argued before the district court and on appeal that she had not administratively exhausted these claims, and she failed to respond until oral argument.

## I. Background

Vassileva works for the City's Department of Water Management as an FE III. FEs are responsible for the daily operations of the City's water treatment and purification plants. FE positions range from FE II to FE IV, and the higher FE positions require greater experience, training, and skills.

Vassileva joined the Department in 2001 as an FE II. Before her promotion to FE III on July 1, 2019, she unsuccessfully applied for one of two FE IV openings in 2008, one of eight FE IV openings in August 2015, an FE V opening in September 2016, and an FE V opening in April 2018. After her promotion to FE III, she unsuccessfully applied for one of six FE IV openings in July 2019. In an earlier suit, which settled, Vassileva challenged the City's non-promotion decisions and other employment actions through March 2018. *Vassileva v. City of Chicago* (*Vassileva I*), No. 18-cv-4595 (N.D. Ill. dismissed Sept. 7, 2023). In this suit, she challenges actions through July 2019.

The only remaining claims on appeal are Vassileva's claims related to the April 2018 FE V and July 2019 FE IV openings. Although the settlement in *Vassileva I* bars claims based on earlier actions by the City, we may consider such actions as background evidence. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Specifically, Vassileva relies on a comparison between the City's explanations for its 2016 and 2018 FE V non-promotion decisions to support her discrimination claim based on the 2018 decision, so we consider the 2016 decision to evaluate her claim.

Martin Wise, a recruiter in the City's Department of Human Resources, reviewed applications for the 2016 and 2018 FE V openings. Based on candidates' written applications, he created an interview referral list of candidates who met the minimum qualifications for the FE V position. In both years, these qualifications included "four years of progressively responsible filtration engineering experience including one year of supervisory experience, or an equivalent combination of training and experience."

In 2016, Wise referred four candidates, including Vassileva and another FE II, for FE V interviews. Ultimately, the City selected an FE IV to fill the position. As part of its defense to Vassileva's earlier suit, the City explained that the interview panelists assigned Vassileva low ratings on her interview because her answers were often off topic and showed a lack of experience in plant operations. *Vassileva v. City of Chicago*, No. 18-cv-4595, 2019 WL 5085717, at *4 (N.D. Ill. Oct. 10, 2019). Based on these low ratings, the City determined that she was not qualified for the 2016 FE V position.

In 2018, Wise excluded all three FE II candidates, including Vassileva, from the FE V interview referral list; he referred three FE IVs for interviews. In his deposition, Wise testified he determined that Vassileva lacked the requisite supervisory experience for the FE V position because she was an FE II, and FE IIs do not supervise as an essential job function, even if, as Vassileva claimed, they sometimes perform supervisory tasks. Wise testified that he erred in 2016 by accepting her assertion in her application that she met the supervisory experience requirement. Between 2016 and 2018, the City's Department of Human Resources added or clarified guidance for evaluating candidates' supervisory experience, and according to Wise, he applied the proper criteria in 2018.

The City posted additional openings in March 2019, this time for FE III positions. Vassileva successfully applied. Two days after she started as an FE III, on July 3, 2019, the City posted six FE IV openings, and Vassileva again applied. Under her union's collective bargaining agreement with the City, however, an employee who has successfully bid for a permanent vacancy may not bid for another permanent vacancy for

six months. Thus, Vassileva's promotion to FE III precluded her from consideration for the 2019 FE IV vacancies.

This suit is the second of three that Vassileva has filed against the City based on allegedly discriminatory or retaliatory non-promotions and other employment actions. Prior to her initial suit, she cross-filed four charges with the IDHR and EEOC: a discrimination charge in February 2017, and discrimination and retaliation charges in March 2017, March 2018, and June 2018. After investigations, the EEOC dismissed each of these four charges and sent Vassileva notices of right to sue in March 2018, April 2018, June 2018, and March 2019, respectively. Armed with the first three notices, she filed her first suit against the City on July 2, 2018. On June 17, 2019, armed with the fourth notice, she filed this suit. She has since filed another EEOC charge and a third suit, *Vassileva v. City of Chicago*, No. 24-cv-249 (N.D. Ill. filed Jan. 10, 2024).

The district court granted summary judgment in favor of the City on all claims, including the claims at issue here: Vassileva's discrimination and retaliation claims based on her unsuccessful applications for promotion to FE V in April 2018 and FE IV in July 2019. The court held that her 2018 claims failed on the merits. With respect to her 2019 claims, however, the court did not reach the merits. It concluded that because she did not file an EEOC charge based on the City's 2019 actions prior to this suit, her claims were not properly before the court, and the court granted summary judgment in favor of the City on this basis. Vassileva timely appealed.

## II. Discussion

We review a district court's grant of summary judgment de novo. *Lewis v. Indiana Wesleyan Univ.*, 36 F.4th 755, 759 (7th

Cir. 2022). Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Though we construe all facts and make all reasonable inferences in the nonmoving party's favor, the moving party may succeed by showing an absence of evidence to support the non-moving party's claims." *Parkey v. Sample*, 623 F.3d 1163, 1165 (7th Cir. 2010) (internal citation omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

**A. 2018 Promotion Claims**

Vassileva argues that the City denied her an interview for the 2018 FE V vacancy because of her age, sex, or Bulgarian origin, or as retaliation for filing EEOC charges, in violation of the ADEA and Title VII. According to Vassileva, the reason Wise cited for his decision to exclude her from the 2018 interview referral list—her lack of experience in a role where supervision is an essential job function—was pretext for discrimination or retaliation. She fails, however, to identify any evidence in the record that suggests a discriminatory or retaliatory motive for Wise's decision. Therefore, the district court properly granted summary judgment on these claims.

**1. Discrimination**

The ADEA and Title VII prohibit an employer from discriminating against an employee "with respect to [her] compensation, terms, conditions, or privileges of employment, because of [her]" age, race, color, religion, sex, or national origin. 29 U.S.C. § 623(a)(1); 42 U.S.C. § 2000e-2(a)(1).

At the summary judgment stage, in the ADEA context, a court must consider all the evidence in the record to determine "whether a reasonable jury could find that the plaintiff

suffered an adverse action *because of* her age." *Carson v. Lake Cnty.*, 865 F.3d 526, 533 (7th Cir. 2017). In the Title VII context, a court must consider "whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's race, ethnicity, sex, religion, or [national origin] caused the discharge or other adverse employment action," *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). These inquiries are similar; the key difference is that Title VII protects against mixed-motive discrimination, but the ADEA does not. *See Carson*, 865 F.3d at 532; *see also Igasaki v. Illinois Dep't of Fin. & Pro. Regul.*, 988 F.3d 948, 960 (7th Cir. 2021). Here, the difference is immaterial, so we apply the same analysis under both statutes.

We ask whether the evidence would permit a reasonable jury to conclude that the City's explanation for Wise's decision to exclude Vassileva from the 2018 FE V interview referral list is pretext for age, sex, or national origin discrimination. "Pretext is defined as 'a dishonest explanation, a lie rather than an oddity or an error.'" *Sweatt v. Union Pac. R. Co.*, 796 F.3d 701, 709 (7th Cir. 2015) (quoting *Peele v. Country Mut. Ins. Co.*, 288 F.3d 319, 326 (7th Cir. 2002)). We start and end with the evaluation of pretext, without asking whether Vassileva has established a prima facie case of discrimination under the burden-shifting framework created in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), because Vassileva has chosen to proceed under *Ortiz*. Furthermore, even if a plaintiff uses the *McDonnell Douglas* framework to present evidence, where a defendant offers a nondiscriminatory explanation for its employment decision, as here, "[t]he prima facie case and pretext inquiries often overlap," so courts "may skip the analysis of a plaintiff's prima facie case and proceed directly to the evaluation of pretext." *Benuzzi v. Bd. of Educ. of City of Chicago*, 647 F.3d 652, 663 (7th Cir. 2011) (quoting *Adelman-Reyes v. St.*

*Xavier Univ.*, 500 F.3d 662, 665 (7th Cir. 2007)); *see also Tyburski v. City of Chicago*, 964 F.3d 590, 598 (7th Cir. 2020) ("A plaintiff may put forth and a court may analyze evidence using the *McDonnell Douglas* framework, but neither must do so.").

As evidence of pretext, Vassileva offers the City's "shifting" explanations for its FE V non-promotion decisions and her qualifications. According to the City's explanations, it disqualified her in 2018 for a reason (her lack of experience in a role that supervises as an essential job function) that it did not find disqualifying in 2016—and, Vassileva argues, should not be disqualifying. She argues that she gained the requisite one year of supervisory experience while working as an FE II, although supervision was not an essential job function.

This evidence does not support an inference of pretext because it does not suggest that the City's explanation for its 2018 decision is a mask for illegal discrimination. "To show pretext, a plaintiff 'must do more than simply allege that an employer's stated reasons are inaccurate; [she] must still have some circumstances to support an inference that there was an improper motivation proscribed by law.'" *Tyburski*, 964 F.3d at 599 (quoting *Benuzzi*, 647 F.3d at 663). While a shift in an employer's explanation for the same action over the course of litigation can support an inference of pretext, *Zaccagnini v. Charles Levy Circulating Co.*, 338 F.3d 672, 676 (7th Cir. 2003), Wise only ever offered one explanation for his 2018 decision. He testified that he deemed Vassileva unqualified for the FE V position in 2018 based on his evaluation of her supervisory experience, which differed from his 2016 evaluation because he applied the wrong criteria in 2016. Employers can change their standards, so long as illegal discrimination does not motivate the change. *See Kuhn v. Ball State Univ.*, 78 F.3d 330, 331–

32 (7th Cir. 1996). Perhaps Wise erred in 2018, not 2016, as Vassileva claims, but even then, error is not enough to show pretext. Vassileva offers no evidence of impermissible motivation, which dooms her discrimination claim.

### 2. Retaliation

The ADEA and Title VII also prohibit an employer from retaliating against an employee because she complained of discrimination. 29 U.S.C. § 623(d); 42 U.S.C. § 2000e-3(a). In the retaliation context, "[t]he key question is whether a reasonable juror could conclude that there was a causal link between the [employee's] protected activity … and the adverse action." *Rozumalski v. W.F. Baird & Assocs., Ltd.*, 937 F.3d 919, 924 (7th Cir. 2019).

Vassileva relies on the timing of Wise's decision—the EEOC dismissed her second charge of discrimination on April 4, 2018, and Wise created the interview referral list for the 2018 FE V opening a month later, in May 2018. As an initial matter, temporal proximity between an employee's protected activity (e.g., filing an EEOC charge) and an adverse employment action rarely suffices alone to support an inference of a retaliatory motive. *See Jokich v. Rush Univ. Med. Ctr.*, 42 F.4th 626, 634 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 780 (2023).

More importantly, Vassileva has not presented evidence that Wise knew of her EEOC charges. For Wise to have retaliated against Vassileva based on her charges, he must have had knowledge of them. *Tyburski*, 964 F.3d at 603. Wise testified in his deposition that he was unaware of her charges, and Vassileva offers only speculation, not evidence, to the contrary. In the absence of evidence to support a causal link

between her charges and Wise's decision to exclude her from the referral list, Vassileva's retaliation claim fails.

## B. 2019 Promotion Claims

Vassileva also appeals the district court's grant of summary judgment in favor of the City on her claims based on her unsuccessful application for the 2019 FE IV openings. Both the ADEA and Title VII require plaintiffs to file a charge of discrimination with the EEOC or a state or local agency such as the IDHR before filing suit. 29 U.S.C. § 626(d)(1); § 2000e–5(b)-(c), (e)(1). Vassileva filed her relevant EEOC charge on June 18, 2018, before the City's 2019 actions. She failed to address administrative exhaustion both before the district court and in her brief before us. At oral argument, Vassileva finally responded: she argued that the 2019 allegations are "'like or reasonably related to' the allegations in her [2018] EEOC charge," so her 2018 charge satisfies the charge requirement as to her 2019 claims. *Ford v. Marion Cnty. Sheriff's Off.*, 942 F.3d 839, 857 n.11 (7th Cir. 2019). This response comes far too late. Vassileva has waived her argument. *See Szczesny v. Ashcroft*, 358 F.3d 464, 465 (7th Cir. 2004) ("[A]rguments made for the first time at oral argument are waived.").

*            *            *

The judgment of the district court is

AFFIRMED.